IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OMORFIA VENTURES, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Docket No.: _____ |
| ) | |
| POSH BRIDAL COUTURE, LLC, MARIE ) | |
| SUCHY, and DEAN SUCHY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now Plaintiff Omorfia Ventures, Inc., and files this Complaint against Defendants, Posh Bridal Couture, LLC, Marie Suchy and Dean Suchy, and for its cause of action, states as follows:

### PARTIES, JURISDICTION AND VENUE:

1. Plaintiff, Omorfia Ventures, Inc., is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business at 209 10th Avenue South, Suite 231, Nashville, Tennessee 37203.

2. Defendant, Posh Bridal Couture, LLC, is a Minnesota limited liability company with its principal place of business at 810 Lake Street E, Wayzata, Minnesota 55391. Posh Bridal Couture, LLC's agent for service of process is Marie Suchy who can be served with process at 810 Lake Street E, Wayzata, Minnesota 55391.

3. Defendant, Marie Suchy, was a resident of Minnesota at all times relevant to this action and can be served with process at 1205 Tamarack Drive, Long Lake, Minnesota 55356.

4. Defendant, Dean Suchy, was a resident of Minnesota at all times relevant to this litigation and can be served with process at 1205 Tamarack Drive, Long Lake, Minnesota 55356.

5. Plaintiff's causes of action arise in both contract and in tort under and by virtue of the laws of the State of Tennessee for damages sustained related to and resulting from a contract executed for the purchase of a business in Nashville, Tennessee, on or about March 6, 2019. The contract that is subject of this action provides that it is to be governed by and construed in accordance with the laws of the State of Tennessee.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. The Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

7. Venue is proper in the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 123(b)(1) and 28 U.S.C. § 1391(a), because Plaintiff is located in this district and the wrongful acts giving rise to Plaintiff's claims occurred within the Middle District of Tennessee, Nashville Division.

## FACTUAL ALLEGATIONS:

### Background

8. Defendants Marie Suchy and Dean Suchy are husband and wife.

9. Defendant Marie Suchy owns, operates and manages Defendant, Posh Bridal Couture, LLC.

10. Prior to March 6, 2019, Posh Bridal Couture, LLC, had two business locations: (1) Posh Bridal Couture in Nashville, Tennessee ("Posh Bridal Tennessee"); and (2) Posh Bridal Couture in Wayzata, Minnesota ("Posh Bridal Minnesota").

11. Prior to March 6, 2019, Marie Suchy and Dean Suchy operated and managed both the Posh Bridal Tennessee and Posh Bridal Minnesota stores.

12. Upon information and belief, Marie Suchy and Dean Suchy assisted with the financial affairs of both the Posh Bridal Tennessee and Posh Bridal Minnesota stores prior to March 6, 2019.

13. Dean Suchy has worked in the banking industry as a commercial loan officer, and upon information and belief, he has sophisticated knowledge regarding commercial lending by virtue of his profession.

14. Upon information and belief, Dean Suchy prepared Defendant Posh Bridal Couture, LLC's financial records relevant to this action.

15. Defendants engaged the services of a business broker to find a buyer and sell the Posh Bridal Tennessee business.

16. Through Defendants' business broker, Plaintiff became aware of Defendants' intent to sell the Posh Bridal Tennessee business.

17. On or around December 14, 2018, Plaintiff began discussions with Defendants concerning the potential purchase of the Posh Bridal Tennessee business.

18. Prior to March 6, 2019, Dean Suchy and Marie Suchy prepared detailed financial disclosure documents and profit and loss statements for Posh Bridal Tennessee, which were provided to Plaintiff.

19. Defendants had superior knowledge of all financial matters related to the business and were in exclusive control of information related to the assets, liabilities and inventory depicted in the financial disclosures and profit and loss statements prepared by Dean Suchy and Marie Suchy.

20. During negotiations, Marie Suchy prepared detailed responses to a questionnaire designed to provide Plaintiff with numerous material representations concerning the value, financial condition and viability of Posh Bridal Tennessee.

21. In numerous discussions and negotiations between the parties, Defendants made additional representations to Plaintiff regarding the value, financial condition and viability of Posh Bridal Tennessee.

22. Plaintiff reviewed and reasonably relied upon Defendants' representations and all documents Defendants provided.

23. The parties' discussions and negotiations resulted in Plaintiff agreeing to purchase substantially all of the assets of Posh Bridal Tennessee.

24. The documents provided by Defendants impacted Plaintiff's decision to purchase and dictated the ultimate purchase price for Posh Bridal Tennessee.

### The Asset Purchase Agreement

25. On March 6, 2019, Plaintiff and Defendant Posh Bridal Couture, LLC entered into an Asset Purchase Agreement (the "APA"). A true and correct copy of the APA is attached hereto as **Exhibit 1** and incorporated herein.

26. Under the APA, Defendant Posh Bridal Couture, LLC, as Seller, agreed to sell substantially all of the assets of Posh Bridal Tennessee to Plaintiff, as Purchaser.

27. Defendant Posh Bridal Couture, LLC agreed to sell, "free from all liabilities and encumbrances", the assets of its Posh Bridal Tennessee business to Plaintiff. (APA ¶1).

28. The APA was premised on a series of detailed representations and warranties given by Defendant Posh Bridal Couture, LLC to Plaintiff.

29. Integral to its decision to enter into the APA, Plaintiff relied upon the financial statements provided by Defendants and Defendants' representations about the financial condition of the business.

30. Under the APA, the parties agreed that Plaintiff would pay a purchase price in the amount of $511,654.00 (the "Purchase Price").

31. Under the APA, the Purchase Price was paid with (a) a cash payment of $366,141.00 at closing, and (b) a promissory note from buyer to seller in the principal amount of $75,000.00. Plaintiff received a credit of $71,263.00 for customer deposits.

32. Under the APA, Defendant Posh Bridal Couture, LLC represented that the financial books and records, which were provided to Plaintiff prior to the closing, were accurate and complete.

33. Specifically, Defendant Posh Bridal Couture, LLC represented and warranted, as follows:

> The financial information supplied to Purchaser by Seller is true and correct as of the dates of such information in all material respects, and is a fair and accurate presentation of the financial condition and results of operation of the Business as of such dates.

APA, ¶5(j).

34. Further, Defendant Posh Bridal Couture, LLC represented and warranted, as follows:

> Neither this Agreement nor the schedules and other documents furnished to Purchaser by Seller contains any untrue statement of a material fact or omits to state a material fact required to be stated in order to make such a statement not misleading.

APA, ¶5(m).

35. The APA was conditioned on Defendant Posh Bridal Couture, LLC's assurance to Plaintiff that "all representations and warranties of Seller shall remain true and correct." APA, ¶ 7(a)(i).

36. Further, the APA was conditioned on Defendant Posh Bridal Couture, LLC's assurance to Plaintiff that there would be "no material adverse change in the Business or the Assets" prior to closing. APA, ¶ 7(a)(iv).

37. On March 6, 2019, the parties closed on the sale contemplated by the APA.

### Defendants' Breach of the APA and Other Wrongful Conduct

38. After executing the APA and closing on the sale, Plaintiff learned that certain business information and financial records provided by Defendants were not accurate.

39. The data concerning Posh Bridal Tennessee provided by Defendants was inflated and manipulated to misrepresent the actual financial condition of the business.

40. Defendants made material misrepresentations in the financials and documents provided to induce Plaintiff to purchase Posh Bridal Tennessee.

41. Defendants made material misrepresentations in the financials and documents provided to fraudulently inflate the value of and increase the purchase price of Posh Bridal Tennessee.

42. Defendants failed to include and deduct sales taxes in the financials and profit and loss statements.

43. As a result, Defendants fraudulently and artificially inflated the business' gross profits.

44. Defendants knowingly and fraudulently omitted certain expenses from the financials and profit and loss statements.

45. Defendants failed to disclose Posh Bridal Tennessee's marketing expenses and failed disclose the amounts spent on marketing in the business' financial statements.

46. Upon information and belief, Defendants failed to disclose the full extent of Posh Bridal Tennessee's payroll expenses and failed to fully disclose the amounts spent on payroll in the business' financial statements.

47. Defendants knowingly and fraudulently concealed and failed to disclose certain liabilities.

48. During negotiations, Defendants knowingly and fraudulently failed to disclose they were at least two (2) months behind in rent for the commercial space occupied by Posh Bridal Tennessee.

49. Defendants knowingly and fraudulently failed to disclose past due accounts in

excess of $25,000 in the financials and profit and loss statements provided.

50. Defendants knowingly and fraudulently misrepresented the sales closing ratio of the business by representing to Plaintiff that the closing ratio was twice the close rate of the typical bridal store.

51. Plaintiffs relied upon the represented the sales closing ratio Defendants provided in valuing the business and determining the purchase price.

52. After purchasing the business, Plaintiff learned that Defendants significantly misrepresented the sales closing ratio.

53. Immediately prior to the March 6, 2019 closing, Defendants intentionally switched inventory between their Minnesota store and the Tennessee store.

54. Defendants surreptitiously moved better and more desirable inventory from the Tennessee store to the Minnesota store and lesser quality or less desirable inventory was moved from the Minnesota store to the Tennessee store without disclosure to Plaintiff.

55. Defendants knowingly failed to disclose that over $40,000 of inventory were used "trunk show dresses" and not sample inventory as represented.

56. Defendants further concealed and knowingly failed to disclose other miscellaneous expenses in an effort to inflate the value of business and to fraudulently increase the purchase price of the business.

57. Prior to March 6, 2019, Defendants pledged the assets of both Posh Bridal Nashville and Posh Bridal Minnesota as collateral for two bank loans.

58. Defendants did not disclose to Plaintiff that the assets of Posh Bridal Nashville had been pledged as collateral or were encumbered by a lien.

59. Upon information and belief, Defendants did not notify their lender of the sale of the business or obtain their lender's consent to sell the assets of Posh Bridal Nashville to the

Plaintiff.

60. Defendants intentionally withheld the loan and lien information from Plaintiff.

61. Upon information and belief, Defendants failed to notify and obtain consent from their lender for the sale of the Tennessee store to Plaintiffs.

62. The assets of Posh Bridal Nashville were encumbered by liens filed in Minnesota at the time of the asset purchase transaction closed on March 6, 2019, and Defendants did not possess the legal right to sell Posh Bridal Tennessee to Plaintiff at that time.

63. After the closing and learning of the lien, Plaintiff made numerous requests to Defendants for release the lien. However, Defendants failed and refused to do so.

64. Defendants did not release the lien until July 12, 2019, after Plaintiff was forced to retain legal counsel and make formal demand on Defendants for release of the lien.

65. Because of Defendants' failure and refusal to release the lien, Plaintiff was unable to obtain financing necessary to grow and market its newly acquired business.

66. Further, Defendants fraudulently failed to disclose to Plaintiff the interest expense paid by Posh Bridal Tennessee for the undisclosed loan and fraudulently failed to include the undisclosed loan on the balance sheet for the Posh Bridal Tennessee.

## Count I – Breach of Contract
**(against Defendant Posh Bridal Couture, LLC)**

67. Plaintiff hereby alleges and incorporates herein the allegations of all previous paragraphs of this Complaint.

68. The APA is a valid and enforceable contract between Plaintiff and Defendant Posh Bridal Couture, LLC.

69. Plaintiff has performed and complied with its obligations under the Agreement.

70. Defendant Posh Bridal Couture, LLC's conduct as alleged in above paragraphs and reincorporated herein constitutes a material breach of the parties' APA.

71. Further, by its malfeasance and callous disregard of its contractual obligations as set forth and described above, Defendant Posh Bridal Couture, LLC breached the implied covenant of good faith and fair dealing which governs every contract in Tennessee.

72. As a direct and proximate result of Defendant Posh Bridal Couture, LLC's breach of contract and breach of the covenant of good faith and fair dealing, Plaintiff has suffered significant damages, and Plaintiff is entitled to damages, in an amount to be proven at trial.

### Count II – Fraudulent Inducement to Contract/ Promissory Fraud

73. Plaintiff hereby alleges and incorporates herein the allegations of all previous paragraphs of this Complaint.

74. Defendants made numerous false statements concerning facts material to the subject transaction and the parties' APA.

75. The false statements were both orally and in writing including, but not limited to, the financials and profit and loss statements prepared by Defendants, the questionnaire prepared by Defendants and other documents provided by Defendants.

76. Defendants had knowledge of the statements' falsity and utter disregard for the truth.

77. Defendants had the intent to induce reliance on their statements.

78. Plaintiff relied upon Defendants' false statements and misrepresentations under circumstances manifesting a reasonable right to rely on the false statements and misrepresentations.

79. Plaintiffs suffered injury resulting from the reliance.

80. Defendants' actions and omissions are a cause in fact and proximate cause of Plaintiff's injuries.

81. As a result, Plaintiff is entitled to actual damages, compensatory damages, exemplary damages, treble damages and/or punitive damages as well as attorneys' fees in an amount to be determined at trial.

### Count III – Fraud and Intentional Misrepresentation

82. Plaintiff hereby alleges and incorporates herein the allegations of all previous paragraphs of this Complaint.

83. As set forth in detail above, Plaintiff relied to its detriment on the misleading and false statements, omissions, and actions of Defendants.

84. Defendants knowingly and/or recklessly inflated and manipulated the books and records of the Posh Bridal Tennessee business to misrepresent the financial condition of the Business.

85. Defendants made intentional misrepresentations of material facts.

86. Defendants had knowledge of the representations' falsity.

87. Plaintiff reasonably relied on Defendants' misleading actions and representations in deciding to enter into the APA and pay the purchase price.

88. Plaintiff has sustained injury and damages caused by its reasonable reliance upon Defendants' misrepresentations.

89. Defendants' actions and omissions are a cause in fact and proximate cause of Plaintiff's injuries and damages.

90. Plaintiff is entitled to actual damages, compensatory damages, exemplary damages, treble damages and/or punitive damages as well as attorneys' fees in an amount to be determined at trial.

## Count IV – Negligent Misrepresentation

91. Plaintiff hereby alleges and incorporates herein the allegations of all previous paragraphs of this Complaint.

92. As set forth in detail above, Plaintiff relied to its detriment on the misleading and false statements, omissions, and actions of Defendants.

93. Defendants knowingly and/or recklessly inflated and manipulated the books and records of the Posh Bridal Tennessee business to misrepresent the financial condition of the Business.

94. Defendants were negligent in making the misrepresentations of material facts.

95. Plaintiff reasonably relied on Defendants' misleading actions and representations in deciding to enter into the APA and pay the purchase price.

96. Plaintiff has sustained injury and damages caused by its reasonable reliance upon Defendants' misrepresentations.

97. Defendants' actions and omissions are a cause in fact and proximate cause of Plaintiff's injuries and damages.

98. Plaintiff is entitled to actual damages, compensatory damages, exemplary damages, treble damages and/or punitive damages as well as attorneys' fees in an amount to be determined at trial.

WHEREFORE, premises considered, Plaintiff prays for the following relief:

1. Compensatory damages against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $350,000.00;

2. Punitive and exemplary damages against Defendants, jointly and severally, in an amount to be determined at trial, but not less than $350,000.00;

3. Costs, losses and fees related to the substantial resources needed to address

Defendants' willful and malicious actions and/or omissions;

    4.      An award of reasonable attorneys' fees and costs;

    5.      An award of pre- and post-judgment interest on any award of damages to the fullest extent allowed by law; and,

    6.      Such other and further relief, both legal and equitable, as may be appropriate.

Respectfully submitted,

/s/ J. Cole Dowsley, Jr.
J. Cole Dowsley, Jr.
THOMPSON BURTON, PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
(615) 465-6000
cole@thompsonburton.com

*Counsel for Plaintiff*