IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OMORFIA VENTURES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 3:19-cv-0794 |
| ) | District Judge Richardson |
| v. ) | Magistrate Judge Newbern |
| ) | |
| POSH BRIDAL COUTURE, LLC, MARIE ) | |
| SUCHY, and DEAN SUCHY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS

In this action, Plaintiff attempts to bootstrap certain tort claims as part of a contract dispute over the sale of a business. However, Plaintiff fails to state viable tort-based claims under any legal theory. Alternatively, the facts alleged conflict with the tort actions asserted. Therefore, pursuant to Fed. R. Civ. P. 12(b)(6) the tort-based claims alleged in the lawsuit, and associated requests for punitive and exemplary damages, are subject to dismissal. Further, to the extent this Court dismisses Plaintiff's fraud-based claims, certain relevant written contract provisions act to cap Plaintiff's recoupable damages.

## RELEVANT FACTS

This dispute arises from a commercial transaction involving the sale of a business located in Tennessee. On March 6, 2019, Plaintiff, Omorfia Ventures, Inc. ("Buyer") entered into an Asset Purchase Agreement ("APA") with Defendant, Posh Bridal Couture, LLC ("Seller"). *See* Complaint ("Compl.") (Doc. No. 1) at ¶ 25; Exh. 1. Defendants, Marie Suchy ("Ms. Suchy") and Dean Suchy ("Mr. Suchy") are not parties to the APA. *See* Compl. at Exh. 1. Under the APA, Buyer purchased substantially all of the assets of Posh Bridal Tennessee, a bridal boutique

business located in Nashville, Tennessee, from Seller. *Id.* at ¶ 26. The APA provides that all disputes related to its provisions are governed by and construed with Tennessee state law. *Id.* at Exh. 1, § 15(e).

Approximately 6 months after this purchase, on October 11, 2019, Buyer initiated the above-captioned action against Seller, Seller's owner, Ms. Suchy, and the owner's husband, Mr. Suchy, alleging that after the sale, Buyer learned that certain business information and financial records provided as part of the sale transaction were not accurate. *Id.* at ¶ 38. Buyer asserts 4 separate causes of action: (a) a breach of contract claim against the Seller; (b) a fraudulent inducement to contract/promissory fraud claim against the Seller, Ms. Suchy, and Mr. Suchy; (c) a fraud and intentional misrepresentation claim against the Seller, Ms. Suchy, and Mr. Suchy; and (d) a negligent misrepresentation claim against the Seller, Ms. Suchy and Mr. Suchy. *Id.* at ¶ 67-98. Buyer seeks compensatory, punitive, and exemplary damages for not less than $350,000, "costs, losses and fees related to the substantial resources needed to address Defendants' willful and malicious actions and/or omissions; an award of reasonable attorney's fees and costs, and pre- and post-judgment interest. *Id.* at p. 11-12.

## RELEVANT PROCEDURAL BASIS FOR RELIEF

### Rule 12(b)(6) Standard

Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) quoting FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 678 quoting *Bel*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Plausibility . . . is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has now 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 quoting FED. R. CIV. P. 8(a)(2).

### Rule 9(b) Heightened Pleading Standard

A pleading that contains allegations of fraud, however, must satisfy a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b). To satisfy this standard, a pleading must contain allegations of the "time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud. *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006). Moreover, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Advocacy Org. for Patients and Providers v. Auto Club Ins. Assoc.*, 176 F.3d 315, 322 (6th Cir. 1999).

### ARGUMENT

### Buyer Fails to State Viable Fraud-Based or Negligent Misrepresentation Tort Claims.

Buyer asserts two separate fraud claims against Seller, Ms. Suchy and Mr. Suchy in this action: (a) fraud/intentional misrepresentation; and (b) fraudulent inducement/promissory fraud. *See* Compl. at ¶ 73-90. Buyer also alleges a negligent misrepresentation claim against these

same parties. *Id.* at ¶ 91-98. In sum, Buyer alleges that Seller, Ms. Suchy, and Mr. Suchy intentionally and/or negligently misrepresented, concealed and/or omitted certain "business information and financial records" in the commercial transaction at issue to induce Buyer to purchase the bridal boutique business. *Id.* at ¶ 38-98. These claims, however, are subject to dismissal because, even taking Buyer's allegations as true, Seller, Ms. Suchy and Mr. Suchy had no duty to disclose the facts at issue in this arms-length commercial transaction.

      A.      *Intentional Misrepresentation/Fraud Claim in General*

The Tennessee Supreme Court has stated that intentional misrepresentation and fraud "are different names for the same of action," and in cases involving these torts, it "suggest[s] that th[e] term [intentional misrepresentation] should be used exclusively" *Hodge v. Craig*, 382 S.W.3d 325, 342-43 (Tenn. 2012). The fraud and intentional misrepresentation cause of action then, will be addressed, moving forward, solely as an intentional misrepresentation claim.

To plead a plausible claim for intentional misrepresentation, a plaintiff must allege sufficient facts to show:

> (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant made the representation recklessly without knowing it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.

*Id.*

      B.      *Fraudulent Inducement/Promissory Fraud Claim in General*

Under the doctrine of fraudulent inducement/promissory fraud, a future promise can support a claim for intentional misrepresentation if it "was made with the intent not to perform." *See City of Morristown v. AT&T Corp.*, 206 F.Supp.3d 1321, 1332 (E.D. Tenn. 2016) quoting

{01967430.4 }4

*Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 499 (Tenn. 1978). *See also Power & Telephone Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006) (Courts applying Tennessee law recognize a defendant's promise to perform in the future implicates only a promissory fraud claim and not an intentional misrepresentation claim).

  C. *Negligent Misrepresentation Claim in General*

The only difference under Tennessee law between an intentional misrepresentation claim and a negligent misrepresentation claim is that a negligent misrepresentation claim does not require that the misrepresentation be made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity. *See PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 549 (W.D. Tenn. 2012) quoting *Metro. Gov't v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992).

  D. *Duty to Disclose in Fraud-Based and Negligent Misrepresentation Claims*

Liability in fraud-based and negligent misrepresentation tort claims arises only in cases where the party being held responsible "had a duty to disclose the facts at issue." *See PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship*, 387 S.W.3d at 547-550. Tennessee courts have determined that a duty to disclose, in such situation, arises only in three distinct circumstances: (1) "[w]here there is a previous definite fiduciary relation between the parties," (2) "[w]here it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other," and (3) "[w]here the contract or transaction is intrinsically fiduciary and calls for perfect good faith." *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) quoting *Domestic Sewing Mach Co. v. Jackson*, 83 Tenn. 418, 425 (Tenn. 1885). *See also Sears v. Gregory*, 146 S.W.3d 610, 617 (Tenn. Ct. App. 2004). While there is implied in every contract a duty of good faith and fair dealing and performance or enforcement of contracts, good

faith, or the lack of it, is not an actionable tort.  *Shah*, 338 F.3d at 572 quoting *Solomon v. First Am. Nat'l Bank*, 774 S.W.2d 935, 945 (Tenn. Ct. App. 1989).

      E.     *No Duty to Disclose in Instant Commercial Transaction*

Buyer makes no allegation in the lawsuit that any previous fiduciary duty existed between the parties.  *See generally* Compl.   Nor is the APA, on its face, "intrinsically fiduciary." *Id.* at Exh 1.   In fact, Buyer affirmatively represents in the APA that it "has sought such accounting, legal, and tax advice . . . considered necessary to make an informed decision about entering into this Agreement."  *Id.* at Exh. 1 at § 6(b).  Nor is it alleged in the lawsuit that the parties were in a confidential relationship. What is alleged is that after "numerous discussions and negotiations between the parties," Seller and Buyer entered into an arm's length commercial transaction.  *Id.* at ¶ 21-25.  Since none of the *Domestic Sewing* categories apply, no duty to disclose arose in this business transaction.

In response to this argument, Buyer may argue for a broader interpretation of Tennessee law based on cases in which Tennessee courts analyzed a fraud claim without referring to the limits *Domestic Sewing* imposes.  *See e.g. Simmons v. Evans*, 206 S.W.2d 295, 296 (Tenn. 1947) However, these *Simmon*s line of cases only related to **consumer transactions**, not commercial transactions, like the transaction at issue in this matter.  *Bearden v. Honeywell Intern. Inc.*, 720 F. Supp.2d 932, 941 (M.D. Tenn. 2010). Because there was no duty to disclose in this commercial transaction falling within the *Domestic Sewing* categories, all of Buyer's fraud-based (and associated requests for punitive and exemplary damages) and negligence-based tort claims in the lawsuit fail as a matter of law.

**Alternatively, Buyer's Fraudulent Inducement to Contract/Promissory Fraud Claim is Inapplicable to Facts.**

Further, Buyer's attempt to assert a fraudulent inducement to contract/promissory fraud claim, based on the facts alleged, is akin to fitting a square peg in a round hole. As previously stated, a plaintiff asserting promissory fraud must allege that the defendant had no intent to perform on a promise of future action. *Kelly v. Int'l Capital Res., Inc.*, 231 F.R.D. 502, 518 (M.D. Tenn. 2005). Here, Buyer fails to allege that Seller, Ms. Suchy or Mr. Suchy had no present intent to perform on the sale transaction. In fact, Buyer affirmatively state in the lawsuit that the parties *did*, in fact, perform on the promise of future action at issue – the sale transaction contemplated by the APA. *See* Compl. at ¶ 37. While Buyer alleges certain purported misrepresentations made related to the sale transaction, it never specifically states such alleged misrepresentations were made without any present intent to perform the sale transaction (because the sale transaction was, indeed, performed). Accordingly, Buyer's promissory fraud claim does not fit within the framework of the allegations raised by it, and such claim, and damages associated therein, is subject to dismissal.

**Alternatively, Buyer Fails to Allege a Negligent Misrepresentation Claim Against Mr. Suchy.**

Tennessee has adopted the Restatement of Torts' definition of negligent misrepresentation. RESTATEMENT (SECOND) OF TORTS § 552. *See also Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997). Pursuant to this definition, the plaintiff can recover by establishing that:

> (1) the defendant is acting in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary (as opposed to gratuitous) interest; and (2) the defendant supplied faulty information meant to guide others in their business transactions; and (3) the defendant fails to exercise reasonable care

in obtaining or communicating the information; and (4) the plaintiff justifiably relies upon the information.

*Id.*

Nowhere in the lawsuit does Buyer allege that Mr. Suchy had any pecuniary interest in Seller or in the transaction at issue. *See generally* Compl. In fact, Buyer affirmatively states in the lawsuit that only Ms. Suchy owns, operates and manages Seller, the only party to the contractual transaction. *See* Compl. at ¶ 9. Buttressing this assertion is the fact that Seller's corporate filings with the Office of the Minnesota Secretary of State do not list Mr. Suchy as holding any corporate role or title with the Seller. *See Motion to Dismiss by Defendants* ("Motion") at <u>Exhibit A</u>.[1]

Further, even if this Court takes Buyer's allegation as true that Mr. Suchy works in the banking industry as a commercial loan officer, no allegation is made in the lawsuit that Mr. Suchy acted in the "course of his business, profession or employment" as a commercial loan officer in the actions alleged by Buyer. *See* Compl. at ¶ 13. Alleging that an non-officer spouse who happens to work in a certain industry used purported industry-specific knowledge to make certain misrepresentations related to a transaction that he was not a party to, arises, at best, to "plausibility" standard instead of the "probability" standard required to withstand a Rule 12 motion to dismiss. *See Ashcroft*, 556 U.S. at 677-78. In sum, Buyer's failure to state a claim for negligent misrepresentation against Mr. Suchy warrants his dismissal as a party to the claim.

---

[1] A true and correct copy of the certified records for the Office of the Minnesota Secretary of State pertaining to the corporate filings by Posh Bridal Couture are attached to the Motion as <u>Exhibit A</u>. On a motion to dismiss, a court may consider "public records . . . and exhibits attached to defendant's motion to dismiss so long as they are . . . central to the claims contained therein." *See Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) quoting *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**Buyer's Damage Relief is Explicitly Limited by the APA.**

To the extent this Court dismisses Buyer's fraud-based claims, Buyer's sole remedy for the damages it alleges in the lawsuit is set forth in the APA. Section 8(a) of the APA provides:

> 8. <u>Mutual Indemnification</u>.
>
> (a) Seller hereby agrees to indemnify and hold Purchaser and its members, officers, employees, agents, representatives, successors and assigns (collectively, the ***"Purchaser Indemnified Parties"***) harmless from any and all liabilities, losses, claims, judgments, damages, expenses, and costs (including without limitation, reasonable counsel fees and costs and expenses incurred in connection herewith) (collectively, ***"Losses"***) that a Purchaser Indemnified Party may suffer or incur by reason of the breach or inaccuracy of any of the covenants, representations, or warranties of Seller contained in this Agreement or in any document or instrument delivered pursuant to this Agreement and against liabilities and obligations of Seller arising or before the Closing Date with respect to the Business or the Assets.

*See* Compl. at Exh. 1, § 8(a). As it relates to potentially recoupable damages incurred by Buyer from Seller pursuant to Section 8(a) of the APA, Section 8(f) of the APA states:

> (f) <u>Seller's Threshold and Cap</u>. Seller shall not be obligated to provide any indemnification for Losses pursuant to claims for breaches of representation and warranties unless the aggregate amount of Losses incurred by Purchaser with respect to such breaches of representation and warranties exceeds the Threshold of $10,000. Where the Losses exceed the Threshold, in which case Buyer will be liable for the full amount of such Losses, without regard to the Threshold and the Seller's aggregate liability to provide indemnification for Purchaser's Losses shall not exceed the Cap of $55,000.

*Id.* at § 8(f).

The law in Tennessee is clear and unambiguous regarding the construction of damage-limitation in commercial contracts. In the absence of fraud, such damage-limitation clauses in contracts will be upheld. *Shockley v. Wedlo, Inc.*, 1988 WL 159166, at *2 (E.D. Tenn. Aug. 29, 1988) citing *Houghland v. Sec. Alarm & Servs., Inc.*, 755 S.W.2d 769, 773 (Tenn. 1988).

While Seller strongly disputes that it made any misrepresentations to Buyer in this commercial transaction, to the extent Buyer is claiming misrepresentations were made, Seller's liability to Buyer for such monetary damages, which the APA defines to include "any and all . . . damages, expenses, and costs (including, without limitation, reasonable counsel fees and costs and expenses incurred in connection therewith)[,] . . . shall not exceed the Cap of $55,000." *See* Compl. at Exh. 1 at § 8(a) and § 8(f). In the lawsuit, Buyer seeks to recoup several categories of damages "not less than $350,000.00," as well as "costs, losses and fees," "attorney's fees and costs," and "pre- and post-judgment interest". *Id.* at p. 12. However, the APA explicitly limits Buyer's ability to recoup the damages claimed as part of it causes of actions asserted by it, and, then, only, at most, at a $55,000 cap. *Id.* at Exh. 1 at § 8(f). *See also Moran Indus. v. Mr. Transmission of Chattanooga, Inc.*, 725 F.Supp.2d 712, 717-18 (E.D. Tenn. 2010) (if the contractual language is clear and unambiguous, the literal meaning controls the outcome of the dispute). For these reasons, Seller requests that this Court dismiss any request by Buyer for monetary relief that is contrary to the relief potentially recoupable under the clear and unambiguous damage-limitation clause contained in the Agreement.

## **CONCLUSION**

For the reasons stated herein, the Motion should be granted in full.

Respectfully submitted,

/s/ Sean C. Kirk
Sean C. Kirk (BPR No. 22878)
Bone McAllester Norton, PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

Phone: 615-238-6307
skirk@bonelaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system this 28th day of October 2019:

J. Cole Dowsley, Esq.
1801 West End Ave., Suite 1550
Nashville, TN 37203

/s/ Sean C. Kirk
Sean C. Kirk