IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **OMORFIA VENTURES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-0794 |
| | ) | **District Judge Richardson** |
| v. | ) | **Magistrate Judge Newbern** |
| | ) | |
| **POSH BRIDAL COUTURE, LLC, MARIE** | ) | |
| **SUCHY, and DEAN SUCHY,** | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS

The arguments raised in the response (Doc. No. 15) ("Response") filed by Plaintiff, Omorfia Ventures, Inc. ("Plaintiff") to the *Motion to Dismiss by Defendants* (Doc. No. 11) ("Motion to Dismiss") and supporting memorandum of law ("Memo-Motion to Dismiss") filed by Defendants, Posh Bridal Couture, LLC ("Posh"), Marie Suchy ("Ms. Suchy") and Dean Suchy ("Mr. Suchy") (collectively, "Defendants") are not supported by the facts alleged in the lawsuit or by case law.

### **Plaintiff's Alleged Fraud-Based Claims Against Defendants, are, in fact, a Fraudulent Concealment Claim**

Despite how Plaintiff labels its fraud-based claims in its lawsuit, the facts alleged in the lawsuit demonstrate that Plaintiff is, in fact, asserting a fraudulent concealment claim.[1] In such case, a plaintiff must demonstrate that a duty to disclose the facts at issue arose. *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) quoting *Domestic Sewing Mach. Co. v. Jackson*, 83 Tenn. 418, 425 (Tenn. 1885). However, as stated in the Memo-Motion to Dismiss, such a duty to disclose only arises in three distinct circumstances, none of which arise

---

[1] While Defendants unequivocally deny any culpability in this matter, the Court must take all allegations of the lawsuit as true, for purposes of ruling on the motion to dismiss. *Westlake v. Lucas*, 547 F.2d 857, 858 (6th Cir. 1976).

in this cause of action. *See* Memo-Motion to Dismiss at p. 5-6. Further, because this was an arm's length transaction, entered into only, as Plaintiff alleges, after "numerous discussions and negotiations between the parties," no duty to disclose arose in the transaction.

Plaintiff first argues in its Response that it has not asserted a fraudulent concealment cause of action. *See* Response at p. 4. How a plaintiff labels a cause of action, though, is immaterial. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). While it is true that Plaintiff has not explicitly asserted a cause of action "labeled" as fraudulent concealment, the majority of the facts underlying the labeled "Fraudulent Inducement to Contract/Promissory Fraud" and "Fraud and Intentional Misrepresentation" causes of action are, in fact, a fraudulent concealment claim. To wit:

> 42. Defendants ***failed to include and deduct*** sales taxes in the financials and profit and loss statements.
>
> 45. Defendants ***failed to disclose*** Posh Bridal Tennessee's marketing expenses and failed to disclose the amounts spent on marketing in the business' financial statements.
>
> 46. Upon information and belief, Defendants ***failed to disclose*** the full extent of Posh Bridal Tennessee's payroll expenses and failed to fully disclose the amount spent on payroll in the business' financial statements.
>
> 47. Defendants knowingly and fraudulently ***concealed and failed to disclose*** certain liabilities.
>
> 48. During negotiations, Defendants knowingly and fraudulently ***failed to disclose*** they were at least two (2) months behind in rent for the commercial space occupied by Posh Bridal Tennessee.
>
> 49. Defendants knowingly and fraudulently ***failed to disclose*** past due accounts in excess of $25,000 in the financials and profit and loss statements provided.
>
> 53. Immediately prior to the March 6, 2019 closing, Defendants ***intentionally switched*** inventory between their Minnesota store and the Tennessee store.

{01977348.1 }2

55. Defendants knowingly *failed to disclose* that over $40,000 of inventory were used "trunk show dresses" and not sample inventory as represented.

56. Defendants further *concealed and knowingly failed to disclose* other miscellaneous expenses in an effort to inflate the value of business and to fraudulently increase the purchase price of the business.

58. Defendants *did not disclose* to Plaintiff that the assets of Posh Bridal Nashville had been pledged as collateral or were encumbered by a lien.

60. Defendants *intentionally withheld* the loan and lien information from Plaintiff.

*See* Complaint ("Compl.") at ¶ 42, 45-49, 53, 55-56, 58, and 60 (emphasis added).

Despite using the phrases "failed to disclose" or "concealed" on numerous occasions in its lawsuit, including, as set forth above, Plaintiff states in its Response that at no point in its lawsuit does it "allege that Defendants failed to disclose information." *See* Response at p. 7. Such a statement is simply disingenuous, and unsupported by the facts alleged. Simply put, Plaintiff's lawsuit attempts to fit a square peg in a round hole when the facts underlying its lawsuit do not support the basis for doing so. If it walks like a dog, barks like a dog and looks like a dog, it must be a dog.

**No Circumstances Exist in this Commercial Transaction Where a Duty to Disclose Arose by any Defendant to Plaintiff**

Plaintiff argues, in the alternative, that even if this is a case of fraudulent concealment, a duty to disclose the facts purportedly concealed arose. *See* Response at 9. However, a duty to disclose the facts at issue only arises in three distinct circumstance, none of which exist in this action, or are alleged by the Plaintiff in the lawsuit. Those three circumstances are (1) "[w]here there is a previous definite fiduciary relation between the parties," (2)[w]here it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other;" and (3) "[w]here the contract or transaction is intrinsically fiduciary and calls for perfect good faith."

{01977348.1 }3
Case 3:19-cv-00794   Document 19   Filed 11/19/19   Page 3 of 8 PageID #: 139

*See Shah*, 338 F.3d at 571 quoting *Domestic Sewing Mach. Co.*, 83 Tenn. at 425. Plaintiff's lawsuit is silent on these circumstances. Further, its Response fails to articulate any basis for how the commercial transaction at issue in this matter fits into any of these circumstances. Plaintiff's silence on this issue, at this juncture, is telling and demonstrates that even Plaintiff concedes that this is not a transaction where the circumstances articulated in *Shah* or *Domestic Sewing Mach. Co.* demonstrate a duty to disclose arises.

In support of its arguments that this Court should ignore the rulings in *Shah* and *Domestic Sewing Mach. Co.* in this commercial transaction, Plaintiff relies primarily on the holding in *Bridgestone Am.'s, Inc. v. Int'l Bus. Machs. Corp.*, 172 F.Supp.3d 1007, 1018 (M.D. Tenn. 2016). *See* Response at p. 10. In that decision, Judge Sharp ignored 125 years of case law precedent in Tennessee, and the prevailing Sixth Circuit standard, by applying the *Simmons* line of cases to matters outside of consumer transactions. Defendants would argue that *Bridgestone Am.'s Inc.* is an outlier case. It is telling that no district court has referenced Judge Sharp's opinion on that specific issue since his ruling, including in the Middle District. However, the ruling in *Shah* continues to be relied upon, including by the district courts in the Middle District of Tennessee. For example, in July 2019, in *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 398 F.Supp.3d 258 (M.D. Tenn. 2019), Judge Crenshaw, in a fraudulent concealment action, relied upon *Shah*, and *Domestic Sewing Mach. Co.*, ignoring the ruling in *Bridgestone*, in holding that because no fiduciary or confidential relationship existed between the parties to the commercial transaction at issue, no legal duty to disclose arose in the arm's length transaction, and thus, plaintiff's fraudulent concealment claim lacked merit. *EPAC Techs., Inc.*, 398 F.Supp.3d at 269-73. No mention is made in the Response about the July 2019 decision by Judge Crenshaw in *EPAC Techs, Inc.* The Sixth Circuit holding in *Shah* remains good law and

should be relied upon in the instant action as the basis for dismissal of Plaintiff's fraud-based claims.

Plaintiff, similarly, relies upon *Bearden v. Honeywell Int'l, Inc.*, 720 F.Supp.2d 932, 940-41 (M.D. Tenn. 2010), as it relates to its purported discussion about the development of the law related to a duty to disclose in commercial transactions. *See* Response at p. 10. Not discussed in the Response is the fact that the district court in *Bearden* only determined that the *Simmons* line of cases Plaintiff relies upon in its arguments solely "applies to consumer transactions." *Bearden*, 720 F. Supp.2d 932, 941 (M.D. Tenn. 2010). The court in *Bearden* explicitly noted that the dispute in *Shah* was not a dispute between a consumer and seller, and thus inapposite to the facts relevant in *Bearden*. *Id.* Because Plaintiff's fraudulent concealment claims, dressed up like fraud-based claims, relate to a commercial arm's length transaction, and, therefore, no duty to disclose arises, such claims are subject to dismissal.

### Plaintiff Admits in Response that it does not have a Viable Fraudulent Inducement/Promissory Fraud Claim Against Defendants

Plaintiff argues in its Response that its "fraudulent inducement claim does not rest on false promises made without the present intent to perform (i.e. promissory fraud)." *See* Response at 13. But, "false promises made without a present intent to perform" is the essential element necessary to assert a fraudulent inducement/promissory fraud claim. *See Kelly v. Int'l Capital Res., Inc.*, 231 F.R.D. 502, 518 (M.D. Tenn. 2005). If Plaintiff's fraudulent inducement/promissory fraud claim does not rest on this essential element, then, Plaintiff cannot assert a fraudulent inducement/promissory fraud claim. Apparently then, by Plaintiff's own admission, Plaintiff's asserted fraudulent inducement/promissory fraud claim is essentially just another fraud-based claim. And, for the reasons previously articulated herein as well as in the Memo-Motion to Dismiss, such claim is subject to dismissal.

{01977348.1 }5

### Plaintiff's Conclusory Claims Against Mr. Suchy Should be Dismissed.

Plaintiff states in the lawsuit that "Marie Suchy owns, operates and manages Defendant, Posh Bridal Couture, LLC." *See* Compl. at ¶ 9. Plaintiff then contradicts this statement in its Response, alleging that "Marie Suchy and Dean Suchy operated and managed the Posh Bridal Tennessee and Posh Bridal Minnesota businesses." *See* Response at p. 1. Defendants can only surmise that Plaintiff contradicts its lawsuit in order to grasp at any straw that will allow it to keep Mr. Suchy as a party to this lawsuit. First, the "Posh Bridal Tennessee" and "Posh Bridal Minnesota businesses" are not parties to this lawsuit. Second, it is undisputed that the corporate defendant that is a party to this lawsuit, Posh Bridal Couture, LLC, was operated and managed, at Plaintiff's own admission, solely by Ms. Suchy. Further, as previously demonstrated, Mr. Suchy holds no corporate role or title with the company that sold its assets to the Plaintiff. *See* Motion to Dismiss at Exh. A. Finally, while Plaintiff alleges that Mr. Suchy assisted with the financial affairs of the business and prepared the company's financial records, no documents are referenced to substantiate these claims. Such, conclusory statements, without more, are insufficient to withstand dismissal.

### If this Court Dismisses Plaintiff's Fraud Claims Against Defendant, the APA Limits Plaintiff's Potential Remedies

Plaintiff argues that, to the extent its fraud-based claims are dismissed, its damages should not be capped or excluded by Section 8(f) of the APA. *See* Response at p. 16. As an initial matter, Plaintiff argues that Tennessee courts have been reluctant to enforce standard indemnity provisions, to claims between contracting parties. This is not accurate. As early as 1964, the Tennessee Supreme Court determined that it is not against public policy to contract to be indemnified, held harmless or have its damages capped, including against one's alleged own negligence. *See Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 893

(Tenn. 2002); *Kroger Co. v. Glenn*, 387 S.W.2d 620 (Tenn. 1964).  In the absence of fraud, such exculpatory provisions are generally held to be enforceable.  *Houghland v. Sec. Alarms and Servs.*, 755 S.W.2d 769, 773 (Tenn. 1988).  Defendants do not dispute that the freedom to limit liability by contract is subject to some exceptions, primarily, statutorily based.  *See Planters Gin Co.*, 78 S.W.3d at 893.  Indemnification is merely a tool for allocating costs between contracting parties.  Here, the allocation of risk, agreed to by the parties in this commercial setting, should be enforced.

Plaintiff then argues in its Response that "[n]othing in the indemnification provision of the APA provides that indemnification is the sole or exclusive remedy for breach of the APA." *See* Response at p. 17. In making this argument though, Plaintiff fails to articulate any other provisions in the APA that provide remedies to Plaintiff for breach of the APA.  The fact of the matter is that Section 8(f) is the sole remedy available to Plaintiff for any breach of the APA.  Section 15(g) of the APA states that the APA "constitutes the entire agreement between the parties hereto with regard to the subject matter thereof."  *See* Compl. at Exh. 1 at § 15(a).  This includes "Losses," that "shall not exceed the Cap of $55,000[,]," which are defined in the APA to include "liability, losses, claims, judgments, damages, expenses and costs" incurred "by reason of the breach or inaccuracy of the covenants, representations or warranties of Seller contained in this Agreement or in any document or instrument delivered pursuant to this Agreement." *Id.* at §§ 8(a) and 8(f).  Plaintiff represented in the APA that it sought "accounting, legal, and tax advice . . . necessary to make an informed decision about entering into" the APA. *Id.* at § 6(b).  Parties may contractually limit the remedies available to a buyer.  *Hall v. Winnebago Indus., Inc.*, 2018 WL 5721947 at * 5 (M.D. Tenn. Nov. 1, 2018) quoting *Baptist*

*Mem'l Hosp. v. Argo Const. Co.*, 308 S.W.3d 337, 345 (Tenn. Ct. App. 2009). The fact that the remedies available to the Plaintiff in its lawsuit may not be ideal, or, to its liking, is immaterial.

Respectfully submitted,

/s/ Sean C. Kirk
Sean C. Kirk (BPR No. 22878)
Bone McAllester Norton, PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Phone: 615-238-6307
skirk@bonelaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system this 19th day of November 2019.

J. Cole Dowsley, Esq.
1801 West End Ave., Suite 1550
Nashville, TN 37203

/s/ Sean C. Kirk
Sean C. Kirk