# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| OMORFIA VENTURES, INC., | |
| Plaintiff | |
| v. | Case No. 3:19-cv-0794<br>District Judge Richardson<br>Magistrate Judge Newbern |
| POSH BRIDAL COUTURE, LLC, MARIE SUCHY, and DEAN SUCHY, | |
| Defendants. | |

## INITIAL CASE MANAGEMENT ORDER

**A.     JURISDICTION:**  The court has jurisdiction pursuant to 28 U.S.C. § 1332.

**B.     BRIEF THEORIES OF THE PARTIES:**

**For Plaintiff:**

This case concerns the purchase and sale of business assets by and between Plaintiff Omorfia Ventures, Inc. ("Omorfia") and the Defendant, Posh Bridal Couture, LLC ("Posh"). Prior to March 6, 2019, Posh owned and operated a bridal dress retail business at two locations: (1) Posh Bridal Couture in Nashville, Tennessee ("Posh Bridal Tennessee"); and (2) Posh Bridal Couture in Wayzata, Minnesota ("Posh Bridal Minnesota"). Defendants, Marie Suchy and Dean Suchy operated and managed the Posh Bridal Tennessee and Posh Bridal Minnesota businesses.

On or around December 14, 2018, Omorfia began discussions with Defendants concerning the potential purchase of Posh Bridal Tennessee. Thereafter, Defendants made numerous representations to Omorfia regarding the value, financial condition and viability of Posh Bridal Tennessee. Defendants provided Omorfia with due diligence documentation, including detailed financial disclosure documents and profit and loss statements concerning Posh Bridal Tennessee. Omorfia relied upon Defendants' representations and documents. On March 6, 2019, Omorfia and

Posh entered into an Asset Purchase Agreement (the "APA") under which Posh sold substantially all of Posh Bridal Tennessee's assets to Omorfia.

After closing on the sale contemplated by the APA, Omorfia learned that certain business information and financial records provided by Defendants were not accurate and contained misrepresentations. Defendants induced Omorfia to purchase the assets of Posh Bridal Tennessee at a grossly inflated price by making false statements to Defendants via oral discussions, written communications and through the financial records and other due diligence materials provided to Omorfia. Further, Posh breached the APA by failing to deliver the assets to Omorfia as represented and by the breaching other obligations and warranties under the APA. Omorfia suffered significant economic damages by Defendants inducing Omorfia to pay the purchase price under the APA and by wrongfully breaching the APA. Defendants' conduct constituted breach of contract, fraudulent inducement to contract, intentional misrepresentation and negligent misrepresentation.

**For Defendant:**

Pending before this Court is Defendant's motion to dismiss Plaintiff's tort claims, to dismiss Dean Suchy as a party to this cause of action, and, to the extent Plaintiff's tort claims are dismissed, to limit Plaintiff's potentially recoupable damages to those contractually provided for under the terms of the APA. To the extent the motion to dismiss is not granted, Defendants deny liability to Plaintiffs under any legal theory and reserve the right to assert any and all defenses and/or claims that is entitled to contractually, under common-law or by statue.

**C.     ISSUES RESOLVED:** Jurisdiction and venue.

**D.     ISSUES STILL IN DISPUTE:** Liability and damages.

**E.     INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by April 3, 2020.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. **If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements.** Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses by January 18, 2021. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than May 18, 2020. Discovery is not stayed otherwise during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-

related motions. All discovery motions shall be filed within 8 months after the Court's ruling on the pending motion to dismiss. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

    **H.** **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by October 12, 2020 and must comply with Local Rules 7.01 and 15.01.

    **I.** **DISCLOSURE AND DEPOSITIONS OF EXPERTS**: The plaintiff shall identify and disclose all expert witnesses and expert reports no later than March 15, 2021. The defendant shall identify and disclose all expert witnesses and reports no later than April 15, 2021. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed no later than June 15, 2021.

    **J.** **SUBSEQUENT CASE MANAGEMENT CONFERENCE.** A subsequent case management conference shall be held telephonically on December 14, 2020, at 9:30 a.m., to

address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The parties shall call (888) 557-8511 and enter access code 7819165# to participate.

**K.     DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by July 15, 2021. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L.     ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

**M.     MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement

that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4)

**N.** **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The [JURY or BENCH] trial of this action is expected to last approximately **three (3)** days. The target trial date is January 11, 2022.

It is so **ORDERED**.

_____
ALISTAIR NEWBERN
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.